**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)**

| | | |
|---|---|---|
| CHARLES KING, Individually, | * | |
| And As Personal Representative of the | | |
| Estate of MARGARET KING | * | |
| 3476 Navigator Dr. | | |
| Greenbackville, VA 23356 | * | |
| | | |
| and | * | CASE NO.:_____ |
| | | |
| DAVID C. KING | * | |
| 58 Keeney Road | | |
| Lyme, CT 06371 | * | |
| | | |
| and | * | |
| | | |
| M. SUSAN KING | * | |
| 25 High Street | | |
| Chester, CT 06412 | * | |
| | | |
| and | * | |
| | | |
| JOHN M. KING | * | |
| 17 Brush hill Road | | |
| Lyme, CT 06371 | * | |
| | | |
| and | * | |
| | | |
| CHARLES R. KING, JR. | * | |
| 116 Sunset Drive | | |
| Merritt, NC 28556 | * | |
| | | |
| and | * | |
| | | |
| M. JANE BUTTINGER | * | |
| 4 Fawn Trail | | |
| Old Lyme, CT 06371 | * | |
| | | |
| and | * | |

| | |
|---|---|
| ELIZABETH ANNE KING | * |
| 17089 Bonefish Lane | |
| Sugarloaf Key, FL 33042 | * |
| | |
| Plaintiffs | * |
| | |
| | * |
| v. | |
| | |
| NICHOLAS JUDE DUDAS, M.D. | * |
| 145 East Carroll Street | |
| Salisbury, Maryland 21801 | * |
| | |
| and | * |
| | |
| JOHN PATRICK REILLY, M.D. | * |
| 145 East Carroll Street | |
| Salisbury, Maryland 21801 | * |
| | |
| and | * |
| | |
| PENINSULA SURGICAL GROUP, P.A. | * |
| 145 East Carroll Street | |
| Salisbury, Maryland 21801 | * |
|    Serve on Resident Agent: | |
|    JOHN A. BARTKOVICH, M.D. | * |
|    145 East Carroll Street | |
|    Salisbury, MD 21801 | * |
| | |
| Defendants | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **JURISDICTION**

The Complaint is brought on the Federal Tort Claims Act pursuant to 28 U.S.C. §2671 through §2683. This Court is vested with jurisdiction pursuant to 288 U.S.C. §1346(b). A claim made against Nicholas Jude Dudas, M.D., John Patrick Reilly, M.D., and Peninsula Surgical Group. The Plaintiffs are residents of Virginia, Connecticut, Florida, and North Carolina. The Defendants are residents of Maryland. Therefore, diversity is claimed.

## COMPLAINT

COME NOW the Plaintiffs, Charles King, Individually and as Personal Representative, David C. King, Individually, M. Susan King, Individually, John M. King, Individually, Charles R. King, Jr., Individually, M. Jane Buttinger, Individually, and Elizabeth Anne King, Individually, by and through their attorneys, Diane M. Littlepage and Littlepage & Associates and sue Defendants Nicholas Jude Dudas, M.D., John Patrick Reilly, M.D., and Peninsula Surgical Group, P.A. and state:

## COUNT I
### (Survival Action)

1. The Plaintiffs are residents of Virginia, Connecticut, Florida, and North Carolina. The Defendants are residents of Maryland. Therefore, diversity is claimed.

2. At all times of which the Plaintiffs complain, the Defendants Nicholas Jude Dudas, M.D. and John Patrick Reilly, M.D. represented to the Plaintiffs, and the public, that they possessed the degree of skill, knowledge and ability possessed by reasonable, competent medical practitioners, practicing under the same and similar circumstances as those involving the Decedent Margaret King.

3. The Plaintiffs allege that the Defendants Nicholas Jude Dudas, M.D. and John Patrick Reilly, M.D., herein, including their duly authorized agents and/or employees, owed to the Plaintiffs the duty to exercise the degree of care, skill and judgment expected of competent medical practitioners acting in the same or similar circumstances, which duty included the performance of adequate and proper diagnostic tests and procedures to determine the nature and severity of the Decedent's condition, careful diagnosis of such condition, employment of appropriate procedures, surgery

and/or treatment to correct such injuries without injuries upon her, continual evaluation of her conditions and the effects of such treatment, and adjustment of the course of treatment in response to such ongoing surveillance and evaluation—all of which the Defendants failed to do.

  4. The Defendants Nicholas Jude Dudas, M.D. and John Patrick Reilly, M.D. were negligent in that they failed to employ appropriate treatment, surgery, tests and/or procedures, failed to carefully and thoroughly evaluate the Decedent's condition, failed to properly and appropriately diagnose the condition, failed to thoroughly evaluate the effects and results of any tests and/or procedures performed, failed to properly evaluate the effects of the chosen treatment, failed to adjust the Decedent's treatment in response to treatment, failed to appropriately evaluate the effects of treatment, failed to properly monitor the course of the Decedent's condition and treatment, failed to employ adequate and appropriate diagnostic procedures and/or tests to determine the nature and extent of the Decedent's condition, and were otherwise negligent.

  5. The Plaintiffs allege that the Defendant Peninsula Surgical Group, P.A. through its agents, servants or employees, owed to the Plaintiffs a duty to exercise the degree of care, skill and judgment expected of competent medical corporations acting in the same or similar circumstances, which duties included the performance of adequate and proper diagnostic tests and procedures to determine the nature and severity of the Decedent's condition, careful diagnosis of such condition, employment of appropriate procedures, tests, surgery and/or treatment to correct such condition, without inflicting injury upon the Decedent, continual evaluation of the Decedent's condition and effects of

such treatment, and to adjust the course of treatment in response to ongoing surveillance and evaluation—all of which the Defendant failed to do.

6. The Defendants Peninsula Surgical Group, P.A. was negligent in that its agents and/or employees failed to employ appropriate treatment, surgery and/or procedures, failed to carefully and thoroughly evaluate the Decedent's condition, failed to thoroughly evaluate the effects and results of any tests, treatment and/or procedures performed, failed to adjust the Decedent's treatment in response to the effects of the treatment, failed to properly monitor the course of the Decedent's treatment and condition, failed to employ adequate and proper diagnostic procedures and/or tests to determine the nature and extent of the Decedent's condition, failed to diagnose the condition and were otherwise negligent.

7. As a result of the negligence of these Defendants, including the duly authorized agents, and/or employees of Peninsula Surgical Group, P.A., the Decedent, Margaret King, experienced severe trauma, injury and shock to her body, nerves and nervous system, pain, mental anguish, unnecessary hospital, medical care and expenses and procedures and an untimely death.

8. On or about December 12, 2007, Margaret King, a seventy-seven (77) year old woman with no major medical or chronic medical conditions, presented for a laprascopic ventral hernia repair by the Defendant Nicholas J. Dudas, M.D. It is alleged that, during the performance of the surgical procedure, the Defendant Nicholas J. Dudas, M.D., discovered multiple adhesions from the Decedent's previous multiple abdominal surgeries. It is alleged that, instead of converting to an open procedure to identify the Decedent's anatomy, the Defendant negligently proceeded to perform an aggressive lysis

of adhesions and other procedures resulting in an enterotomy, or "nick" in the intestines. It is asserted that, in laproscopic surgical procedures if adhesions obscure the anatomy, the standard of care requires that the surgeon convert to an open procedure. It is further asserted that, in this type of surgical procedure, the standard of care requires the surgeon to examine and test the bowel for perforations prior to completing the procedure.

9. It is alleged that when the Defendant Nicholas J. Dudas, M.D. performed his post-operative rounds on December 13, 2007, the Plaintiff's Decedent, Margaret King, complained of abnormal post-operative pain, nausea, had an elevated hematocrit, and an abnormal amount of bruising. It is further alleged that given the type of surgical procedure which the Decedent underwent on December 12, 2007, the Decedent's physical findings and complaints were worrisome for a post-surgical abdominal catastrophe.

10. It is alleged that on December 13, 2007, the Defendant Nicholas Jude Dudas, M.D. negligently failed to appreciate the worrisome findings of the decedent's post operative course and negligently failed to order the appropriate testing, monitoring, or evaluation.

11. It is asserted that the early morning hours of December 14, 2007, the Defendant John P. Reilly, M.D., was contacted regarding the Decedent's elevated pulse rate, as well as decreased urinary output.

12. It is alleged that, at the time the Plaintiff's Decedent was examined by the Defendant John P. Reilly, M.D., he was aware of her surgical procedure and the findings of Defendant Nicholas Jude Dudas, M.D. from the previous day. In addition, Defendant John P. Reilly, M.D. was also aware that interventions for the Decedent's findings and

complaints had not been effective and, at the time of his evaluation, she was developing hypotension, remained tachycardic, still had decreased urinary output, had suprapubic and bilateral flank hematomas, shortness of breath, diaphoresis, and an elevated hematocrit, all signs and symptoms of an acute surgical abdominal process.

13.     It is alleged that, despite these worrisome and very concerning findings and the further deterioration of the condition of the Plaintiff's Decedent, the Defendant John P. Reilly, M.D. negligently failed to timely diagnose or consider a potential diagnoses for the problem, including infection, perforation, hemorrhage, or order tests that would be diagnostic of an acute abdominal process.

14.     It is further asserted that on December 14, 2007, at about 5:40 a.m., the Defendant John P. Reilly, M.D. negligently failed to appropriately interpret the laboratory studies that he had ordered, especially in light of the Decedent's surgical history, complaints, and signs and symptoms of an acute surgical abdomen.

15.     It is alleged that the arterial blood gas results of the Plaintiff's Decedent indicated that, in addition to the other worrisome signs and symptoms, she had developed a metabolic acidosis which was consistent with the sepsis.

16.     It is further alleged that at 5:40 a.m. on December 14, 2007, the Defendant John P. Reilly, M.D. inappropriately considered a diagnosis of pulmonary embolus for the Plaintiff's Decedent, despite the Decedent having no complaints, signs or symptoms, or diagnostic tests which would be consistent with a pulmonary embolus. It is further alleged that the Defendant John P. Reilly, M.D. negligently failed to perform and order diagnostic tests which would have assisted in determining whether or not the Plaintiff's Decedent had a pulmonary embolus and negligently began heparin, a blood thinner.

17. It is asserted that on December 14, 2007, at approximately 11:50 a.m., the Defendant John P. Reilly, M.D. finally and belatedly considered an acute intraabdominal event as the source of the Decedent's continuing course of complaints and symptoms which had persisted for more than twenty four (24) hours.

18. On December 14, 2007, at approximately 1:10 p.m., Margaret King underwent an exploratory surgical procedure. At the time she entered the operating room, she was acutely ill, had severe hypotension, and required the use of potent vasopressors to maintain her blood pressure.

19. At the time she was transferred to the operating room table, she vomited a "large amount of stool and fluid." It is alleged that at the time of the surgical procedure, it was noted that the Decedent has copious amounts of fluid in the abdominal cavity, multiple adhesions in the small bowel, and a small bowel perforation in the ileocecal valve. Because of the poor condition of the small bowel at the time of the surgical procedure, an ileocectomy with ileostomy and a mucus fistula was performed. Following the surgical procedure, Margaret King was returned to the critical care unit, having received numerous volume expanders and remaining on significant pharmaceutical support to maintain her blood pressure.

20. It is alleged that on December 17, 2007, because of her overwhelming inability to adequately profuse and because of the delay in the diagnosis of her intraabdominal infection, Margaret King sustained a cardiac arrest.

21. It is alleged that, despite the recent cardiac arrest, the Defendants Nicholas Jude Dudas, M.D. and John P. Reilly, M.D. returned the Plaintiff's Decedent to the operating room on December 20, 2007. At that time, there was "murky serosanguineous"

fluid through out the abdomen in copious amounts, indicative of a continuing infectious process.

22. Despite the Decedent's debilitated status and indications of a continuing intraabdominal infection, these Defendants negligently attempted an anastamosis of the bowel during the surgical procedure. It is alleged that, because of the Decedent's continuing debilitated condition, her recent cardiac arrest, and her continuing signs and symptoms of an infectious process, an anastamosis performed on December 20, 2007, was destined for failure.

23. It is further alleged that between December 20, 2007, and December 31, 2007, the Plaintiff's Decedent continued to deteriorate, continued to have signs and symptoms of an ongoing infectious process, and developed multi-organ system failure.

24. Despite the continuing deteriorating condition, these Defendants negligently returned her to the operating room on December 31, 2007, where it was discovered that the anastamosis performed on December 20, 2007, had failed and there was a perforation within the anastamosis. It is asserted that these Defendants attempted a repair of the perforation at that time, but the Decedent's condition continued to deteriorate, resulting in her untimely death on January 9, 2008.

25. It is alleged that had these Defendants, and each of them, conformed to the standard of care, the Plaintiff, Margaret King would not have sustained an injury to her bowel during the surgical procedure, there would not have been a delay in diagnosing the surgical perforation of her bowel, there would not have been a delay in the diagnosis and treatment of the perforation of her bowel, there would not have been a delay in the diagnosis and treatment of her ongoing intraabdominal infection, there would not have

been a need for her multiple surgical procedures, there would not have been a failed anastamosis and, more importantly, Margaret King would not have died as a result of the negligence of these Defendants.

26. It is asserted that as a result of the negligence of these Defendants, and each of them, the Plaintiff's Decedent incurred medical expenses, suffered discomfort, emotional anguish, anxiety, depression, fear, pain and suffering over her condition, required ongoing medical care and treatment for her needs and funeral and other expenses for which claim is made.

27. The Plaintiffs refer to the negligence of these Defendants as a proximate cause of all injuries and damages sustained with the Plaintiff being in no way contributorily negligent.

28. The negligence complained of occurred in Wicomico County, Maryland. Venue is claimed in the United States District Court for the State of Maryland based upon diversity of the parties. The amount in controversy exceeds the jurisdictional amount.

_____
Diane M. Littlepage
**LITTLEPAGE & ASSOCIATES**
877 Baltimore Annapolis Blvd., Ste. 103
410-975-9191

*Attorney for Plaintiffs*

## **COUNT II**
**(Wrongful Death)**

COMES NOW the Plaintiff Charles King, Individually, by and through his attorneys, Diane M. Littlepage and Littlepage & Associates and sues Defendants Nicholas Jude Dudas, M.D. and John P. Reilly, M.D. and states:

29. The Plaintiff incorporates in this Count those facts set forth in Count I hereinabove by referencing and intending that each and every allegation be deemed part hereof, as if the same were repeated herein.

30. The Plaintiff, Charles King, asserts that he was the husband of the Decedent, Margaret King. As the result of the negligence of these Defendants, the Plaintiff alleges that the relationship they enjoyed as husband and wife is forever gone. The Plaintiff has lost the love, affection, guidance, support, services and companionship of his wife.

31. The negligence complained of occurred in Wicomico County, Maryland. Venue is claimed in the United States District Court for the State of Maryland based upon diversity of the parties. The amount in controversy exceeds the jurisdictional amount.

_____
Diane M. Littlepage
**LITTLEPAGE & ASSOCIATES**
877 Baltimore Annapolis Blvd., Ste. 103
410-975-9191

*Attorney for Plaintiffs*

## COUNT III
**(Wrongful Death)**

COMES NOW the Plaintiff David C. King, Individually, by and through his attorneys, Diane M. Littlepage and Littlepage & Associates and sues Defendants Nicholas Jude Dudas, M.D. and John P. Reilly, M.D. and states:

32. The Plaintiff incorporates in this Count those facts set forth in Count I and II hereinabove by referencing and intending that each and every allegation be deemed part hereof, as if the same were repeated herein.

33. The Plaintiff, David C. King, asserts that he is the son of the Decedent, Margaret King. As the result of the negligence of these Defendants, the Plaintiff alleges that the relationship they enjoyed as mother and son is forever gone. The Plaintiff has lost the love, affection, guidance, support, services and companionship of his mother.

34. The negligence complained of occurred in Wicomico County, Maryland. Venue is claimed in the United States District Court for the State of Maryland based upon diversity of the parties. The amount in controversy exceeds the jurisdictional amount.

_____
Diane M. Littlepage
**LITTLEPAGE & ASSOCIATES**
877 Baltimore Annapolis Blvd., Ste. 103
Severna Park, Maryland 21146
410-975-9191

*Attorney for Plaintiffs*

## COUNT IV
### (Wrongful Death)

COMES NOW the Plaintiff M. Susan King, Individually, by and through her attorneys, Diane M. Littlepage and Littlepage & Associates and sues Defendants Nicholas Jude Dudas, M.D. and John P. Reilly, M.D. and states:

35.     The Plaintiff incorporates in this Count those facts set forth in Count I through III hereinabove by referencing and intending that each and every allegation be deemed part hereof, as if the same were repeated herein.

36.     The Plaintiff, M. Susan King, asserts that she is the daughter of the Decedent, Margaret King.  As the result of the negligence of these Defendants, the Plaintiff alleges that the relationship they enjoyed as mother and daughter is forever gone. The Plaintiff has lost the love, affection, guidance, support, services and companionship of her mother.

37.     The negligence complained of occurred in Wicomico County, Maryland. Venue is claimed in the United States District Court for the State of Maryland based upon diversity of the parties. The amount in controversy exceeds the jurisdictional amount.

_____
Diane M. Littlepage
**LITTLEPAGE & ASSOCIATES**
877 Baltimore Annapolis Blvd., Ste. 103
Severna Park, Maryland 21146
410-975-9191

*Attorney for Plaintiffs*

## <u>COUNT V</u>
**(Wrongful Death)**

COMES NOW the Plaintiff John M. King, Individually, by and through his attorneys, Diane M. Littlepage and Littlepage & Associates and sues Defendants Nicholas Jude Dudas, M.D. and John P. Reilly, M.D. and states:

38. The Plaintiff incorporates in this Count those facts set forth in Count I through IV hereinabove by referencing and intending that each and every allegation be deemed part hereof, as if the same were repeated herein.

39. The Plaintiff, John M. King, asserts that he is the son of the Decedent, Margaret King.  As the result of the negligence of these Defendants, the Plaintiff alleges that the relationship they enjoyed as mother and son is forever gone.  The Plaintiff has lost the love, affection, guidance, support, services and companionship of his mother.

40. The negligence complained of occurred in Wicomico County, Maryland. Venue is claimed in the United States District Court for the State of Maryland based upon diversity of the parties. The amount in controversy exceeds the jurisdictional amount.

_____
Diane M. Littlepage
**LITTLEPAGE & ASSOCIATES**
877 Baltimore Annapolis Blvd., Ste. 103
Severna Park, Maryland 21146
410-975-9191

*Attorney for Plaintiffs*

## COUNT VI
### (Wrongful Death)

COMES NOW the Plaintiff Charles R. King, Jr., Individually, by and through his attorneys, Diane M. Littlepage and Littlepage & Associates and sues Defendants Nicholas Jude Dudas, M.D. and John P. Reilly, M.D. and states:

41. The Plaintiff incorporates in this Count those facts set forth in Count I through V hereinabove by referencing and intending that each and every allegation be deemed part hereof, as if the same were repeated herein.

42. The Plaintiff, Charles R. King, Jr., asserts that he is the son of the Decedent, Margaret King. As the result of the negligence of these Defendants, the Plaintiff alleges that the relationship they enjoyed as mother and son is forever gone. The Plaintiff has lost the love, affection, guidance, support, services and companionship of his mother.

43. The negligence complained of occurred in Wicomico County, Maryland. Venue is claimed in the United States District Court for the State of Maryland based upon diversity of the parties. The amount in controversy exceeds the jurisdictional amount.

_____
Diane M. Littlepage
**LITTLEPAGE & ASSOCIATES**
877 Baltimore Annapolis Blvd., Ste. 103
Severna Park, Maryland 21146
410-975-9191

*Attorney for Plaintiffs*

## COUNT VII
**(Wrongful Death)**

COMES NOW the Plaintiff M. Jane Buttinger, Individually, by and through her attorneys, Diane M. Littlepage and Littlepage & Associates and sues Defendants Nicholas Jude Dudas, M.D. and John P. Reilly, M.D. and states:

44. The Plaintiff incorporates in this Count those facts set forth in Count I through VI hereinabove by referencing and intending that each and every allegation be deemed part hereof, as if the same were repeated herein.

45. The Plaintiff, M. Jane Buttinger, asserts that she is the daughter of the Decedent, Margaret King.  As the result of the negligence of these Defendants, the Plaintiff alleges that the relationship they enjoyed as mother and daughter is forever gone. The Plaintiff has lost the love, affection, guidance, support, services and companionship of her mother.

46. The negligence complained of occurred in Wicomico County, Maryland. Venue is claimed in the United States District Court for the State of Maryland based upon diversity of the parties. The amount in controversy exceeds the jurisdictional amount.

_____
Diane M. Littlepage
**LITTLEPAGE & ASSOCIATES**
877 Baltimore Annapolis Blvd., Ste. 103
Severna Park, Maryland 21146
410-975-9191

*Attorney for Plaintiffs*

## COUNT VIII
**(Wrongful Death)**

COMES NOW the Plaintiff Elizabeth Anne King, Individually, by and through her attorneys, Diane M. Littlepage and Littlepage & Associates and sues Defendants Nicholas Jude Dudas, M.D. and John P. Reilly, M.D. and states:

47.     The Plaintiff incorporates in this Count those facts set forth in Count I through VII hereinabove by referencing and intending that each and every allegation be deemed part hereof, as if the same were repeated herein.

48.     The Plaintiff, Elizabeth Anne King, asserts that she is the daughter of the Decedent, Margaret King.  As the result of the negligence of these Defendants, the Plaintiff alleges that the relationship they enjoyed as mother and daughter is forever gone. The Plaintiff has lost the love, affection, guidance, support, services and companionship of her mother.

49.     The negligence complained of occurred in Wicomico County, Maryland. Venue is claimed in the United States District Court for the State of Maryland based upon diversity of the parties. The amount in controversy exceeds the jurisdictional amount.

_____
Diane M. Littlepage
**LITTLEPAGE & ASSOCIATES**
877 Baltimore Annapolis Blvd., Ste. 103
Severna Park, Maryland 21146
410-975-9191

*Attorney for Plaintiffs*